FRANKLIN RICHARD BRUSSOW, # 5429
Attorney for Plaintiff
P. O, Box 71705
Salt Lake City, Utah 84171
8(11 944 1065

FILED
U.S. DISTRICT COURT

2014 FEB 28 P 1:47

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

JEFF B. **HARKER**,

                Plaintiff

V

**LISA STEED,** UHP Officer;
**KEITH SQUIRES,** Commissioner,
**UTAH DEPT OF PUBLIC SAFETY,**

                Defendant.
_____/

Case #

**COMPLAINT,
JURY DEMAND**

Case: 1:14-cv-00021
Assigned To : Warner, Paul M.
Assign. Date : 2/28/2014
Description: Harker v. Steed et al

***Plaintiff says:***

A. JURISDICTION

1.     Jurisdiction is proper and founded on the existence of a Federal question, since this action arises under the Constitution of the United States and in particular pursuant to 42 USC §1983.

B. PARTIES

2.     Plaintiff is a citizen of the United States of America and for all times applicable to the above-encaptioned action resided in the State of Utah, County of Davis.

3.     Defendant Lisa Steed for all times relevant to the above-encaptioned action was employed as a police officer by the Utah Dept of the Public Safety, Utah Highway Patrol.

4.	Defendant Squires for all times relevant to the above-encaptioned action was employed as the Commissioner of the Utah Department of Public Service, Utah Highway Patrol and was the chief executive officer of that agency.

5.	Defendant Department of Public Safety, Utah Highway Patrol is a Utah state agency duly created and organized under the statutes of the State of Utah and operates pursuant to the executive branch of the government of the State of Utah to enforce the enactments of the State of Utah.

6.	The occurrences that comprise the plaintiff's federal causes of action were performed and caused by the defendants on or about 31 March 2004 and continued throughout that time.

7.	The defendants during all times material hereto were acting under the authority of, or color of, the statutes enacted by the State of Utah.

8.	Plaintiff brings this case before the Court for the reason that his constitutional rights, privileges or immunities were violated by the defendants, officers sworn to uphold the law and the Constitution, as is set forth more fully hereinafter.

## GENERAL NOTICE OF CAUSES OF ACTION

9.	Plaintiff was falsely arrested during a pretext traffic stop and he and his vehicle were unlawfully searched without probable cause and without a warrant

10.	The defendants on the aforesaid occasion were acting under the authority of, or color of, the statutes enacted by the State of Utah.

11.	Plaintiff brings this case before the Court for the reason that his constitutional rights, privileges or immunities were violated by the defendants, officers sworn to uphold the law and

the Constitution, as is set forth more specifically hereinafter.

## COUNT I

12.     Plaintiff was falsely arrested during a pretextual traffic stop by Defendant Steed who unlawfully detained and searched plaintiff without probable cause or a warrant for misdemeanors.

13.     During the time before the traffic stop by Defendant Steed plaintiff's driving conduct as observed was lawful, and thereafter the Defendant Steed used the unconstitutional pretextual stop to generate a DUI upon which to incarcerate the plaintiff.

14.     Plaintiff was falsely stopped by Defendant Steed in bad faith for an alleged failure to properly change lanes on a roadway where the lanes merged into one another.

15.     As a result of defendants Steed's violation of plaintiff's constitutional rights to liberty, to be free from unlawful search and seizure, and to be free from false arrest, plaintiff was incarcerated for a substantial period of time and was continuously deprived of his freedom each day prior to the time the case was closed subsequent to a preliminary examination and thereafter a motion to suppress.

16.     Plaintiff was indigent and was assigned a court appointed attorney who was highly burdened with criminal defenses and who eventually brought a motion to have suppressed the evidence unlawfully seized by Defendant Steed as a result of the pretextual stop and warrantless search of the plaintiff and his vehicle.

17.     Defendant Steed's persisted in attempting to keep the plaintiff incarcerated and to have the plaintiff convicted by failing or refusing to disclose her unconstitutional wrongdoing.

18.     Defendant Steed deliberately withheld exculpating evidence to cause the plaintiff's incarceration to continue and to coerce plaintiff to plead guilty to more quickly regain his freedom from incarceration more expeditiously.

19.     Similar unconstitutional conduct by Defendant Steed caused her to earn a reputation as a

dishonest police officer who violated citizens' constitutional rights to freedom and to not be subject to unlawful searches.

20. The trumped up charges that Defendant Steed brought in bad faith against plaintiff were the proximate cause of the plaintiff's continuous incarceration initiated at first by the false traffic stop and plaintiff was incarcerated thereafter until the case against him was closed without the possibility of it being reopened or upon other charges.

21. No alcohol or drugs were in plain view of the officer, and no symptoms of operating a motor vehicle on a public roadway while too intoxicated to drive existed.

22. Steed deliberately gave the plaintiff field sobriety tests beyond the scope of the dash cam recorder on the dashboard of her patrol vehicle to frustrate the plaintiff's opportunity to prove his sobriety.

23. The charges against plaintiff eventually were dismissed and the case closed by the State court.

24. Plaintiff was embarrassed and humiliated and suffered mental distress and physical pain and fear by being falsely arrested and unlawfully searched in bad faith and contrary to the Constitution the defendant was sworn to uphold.

## DAMAGES

25. Plaintiff is entitled to damages for being seized and wrongfully arrested without probable cause or a warrant, for being searched without a warrant, by the warrantless search of his vehicle, and by being deprived of his vehicle, of money to retrieve it, and for being continuously deprived of his right to liberty for an extended period of time,

26. Plaintiff is entitled to damages for being caused to endure physical pain, for being

4

physically and emotionally damaged and humiliated, and for having to pay substantial attorney fees to be represented by counsel to be compensated.

**WHEREFORE**, pursuant to 42 USC 1983 plaintiff demands judgment of the defendants in an amount in excess of $ 50,000.00, together with costs and reasonable attorney fees

### COUNT II

27. Defendant Squires, DPS and UHP, although having the power and duty to properly train and educate officer employees regarding the U S Constitution, intimidating wrongful arrests and wrongful prosecution, are deliberately indifferent to and acquiesce to such misconduct, tacitly approving such constitutional violations as a policy, practice and custom unless the media begins investigating such abuses.

28. Defendants acted with callous and reckless indifference to the federally protected rights of plaintiff and with ill will and spite toward plaintiff.

29. Rather than properly train its troopers to avoid this constitutional misconduct Defendant Squires, DPS and UHP tolerate wrongful arrests and continue to tacitly encourage the use of pretext traffic stops and constitutional violations by not properly educating and training its officers.

**WHEREFORE**, pursuant to 42 USC 1983 plaintiff demands mandatory injunctive relief restraining the defendants from such unconstitutional conduct against him in the future and requiring the retraining of UHP officers to dissuade them from pretextual traffic stops that violate the liberty interests of citizens in the future.

## JURY DEMAND

Plaintiff Jeff Brian Harker hereby demands a trial by jury.

28 February 2014

                                                                            _____
                                                                            FRANKLIN RICHARD BRUSSOW,
                                                                            Attorney for Plaintiff