FRANKLIN RICHARD BRUSSOW, # 5429
Attorney for Plaintiff
P. O, Box 71705
Salt Lake City, Utah 8417 l
8(11 944 1065

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

_____

JEFF B. **HARKER,**

        Plaintiff,                          **RESPONSE IN OPPOSITION TO**
V                                           **MOTION TO DISMISS**
                                                   CERTIFICATE OF SERVICE
**LISA STEED,** UHP Officer**;**
**KEITH SQUIRES,** Commissioner,       Case # 1:14-cv-21
**UTAH DEPT OF PUBLIC**                  District Judge
                                                   Magistrate Judge Warner
              Defendant.
_____/

## THE DISPUTED FACTUAL ISSUE

The crux of the defendant's motion to dismiss to summarily dispose of plaintiff's case is that the plaintiff's causes of action are all time barred under the applicable Utah general catch-all four-year statute of limitations.

## APPLICABLE PRECEDENT

F RCP 8 permits a plaintiff to set forth facts supporting a claim against the defendant, or to merely give notice in a short, plain statement of the nature of the cause of action. Plaintiff pled sufficient facts to support a claim for malicious prosecution and gave notice of the federal statute upon which he was proceeding. The Rule requires the court to construe the pleading so as to do

substantial justice. It is well accepted that in the Federal Courts "notice pleading" is sufficient, since FRCP 8 shall be liberally construed and a pleading should not be dismissed unless the allegations are not sufficient to give notice of the matter in controversy. *Merrin Jewelry Co v St. Paul Ins Co*, 301 FSupp 479 (SD NY 1969). Fact pleading is unnecessary since FRCP 8 merely requires a short, plain statement establishing jurisdiction, a statement giving notice about the claim upon which the pleader alleges to be entitled to relief, and a demand for judgment. Stringent pleading requirements result in the dismissal of potentially viable actions before the actual merit of the case is ever reached. [1]

Obviously the plaintiff's complaint is more than adequate to satisfy FRCP 8 in that it gives defendants notice of the basis of the claims for relief associated with malicious prosecution and an opportunity to defend.

## SUMMARY DISPOSITION

Summary judgment should be rendered only <u>if the pleadings</u>, the discovery and disclosure materials on file, <u>and any affidavits</u>, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. FRCP 56(c). "The plain language of Rule 56(c) only authorizes the entry of summary judgment after adequate time for discovery and upon a motion, against a party who fails to make a <u>showing sufficient to establish the existence of an element essential to that party's case</u>, and on which that party will bear the burden of proof at trial." *Celotex Corp v Catrett*, 477 US 317, 106 S Ct 2548, 91 LEd2d 265 (1986).

---

[1] Schwartz,. Evan Sanford Schwartz, A Plea for Help: Pleading Problems in Section 1983 Municipal Liability Claims, 6 TOURO L. REV. note 135 at 380 (1990) (citing FED. R. CIV. P. 8(a)(2-3))

## THE RULE 12 STANDARD FOR DISMISSAL IS CONSISTENT WITH
## AN EQUALLY DISPOSITIVE RULE 56 MOTION FOR SUMMARY JUDGMENT

A summary dismissal by FRCP 12 is akin to an FRCP 56 motion for summary judgment and neither should substitute for trial on the substantive merits, and should not require the parties to litigate via affidavits, since it is drastic relief to be applied with caution. ***Redhouse v Quality Ford Sales Inc***, 511 F2d 230 (CA 10 ). In assessing a motion for summary disposition the court must consider factual inferences in a light most favorable to the existence of those issues. ***James v Achison T & S F R***, 464 F2 d 173 (CA10 1972). All reasonable doubts about the facts <u>and all justifiable inferences</u> are resolved in favor of the non-movant. ***Fitzpatrick v City of Atlanta***, 2 F.3d 1112, **1115.** The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v Liberty Lobby, Inc.,*** 477 US 242, **248**, 106 SCt 2505, 91 L Ed2d 202 (1986). In making this assessment, we must view the evidence in the light most favorable to the party opposing summary judgment. ***Noland v. McAdoo***, 39 F3d 269, **271** (CA10 1994). The appropriate substantive law will guide the determination of which facts are material and which facts are irrelevant.

The moving party has the initial burden of informing the trial court of identifying the portions of documents that support the absence of disputed genuine issue of material fact. ***Celotex Corp v Catrett***, 477 U.S.p 323, 106 SCt p 2553, 91 LEd2d 265 (1986). The allegations in Harker's complaint and averments in his affidavit, some corrective, must be accepted as true. ***Estes v Wyo Dep't of Transp.***, 302 F3d 1200, **1203** (CA10 2002).

## DESIGNATING AND APPLYING THE STATUTE OF LIMITATIONS

§1983 creates a **"**species of tort liability" that provides relief to persons deprived of rights secured to them by the Constitution. ***Carey v Piphus***, 435 US 247, **253** (1978). The first step "is

3

to identify the specific constitutional right allegedly infringed." *Albright v. Oliver,* 510 US 266, *271* (1994). [2] Courts then look to analogous common-law torts to determine the contours—including the accrual date—of § 1983 claims. *Pierce v Gilchrist*, 359 F3d 1279, **1286** (CA10 2004). However, the Tenth Circuit is the majority rule requiring plaintiffs to show only a Fourth Amendment deprivation because 1983 claims develop from Fourth Amendment deprivations, and because the language of the amendment mentions nothing of unreasonable prosecutions it is unnecessary to require the common law tort elements to be plead. [3]

In concurrence with the defendant, normally "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v Johnson County Comm'm Bd.*, 925 F2d 1299, **1301** (CA10 1991).

A federal court is required to <u>employ common law principles to facilitate</u>, and not to hinder, <u>proceedings in vindication of civil rights</u>. *J & B Entertainment v City of Jackson, Miss.*, 720 FSupp2d 757 (SD Miss 2010). Instructively, to be consistent with the <u>Federal interests underlying 42 USC 1983</u>, which are <u>to compensate victims and to deter officials from abusing their power</u>, the application of the forum state's general limitations period <u>should be liberally interpreted and applied so as to achieve the objective of § 1983</u>. *See* **Board of Regents v Tomanio,** 446 US 478*, **483-84;** 100 SCt 1790, **1794-95;** 64 LEd2d and 440 (1980), **Woods v Illinois Dept of Child & Family Serv**, 710 F3d 762 (CA 7  2013). Federal law governs the time

---

[2]   The availability of 1983 attorneys' fees provides another reason for requiring only a constitutional pleading requirement for malicious prosecution claims, **and the 10th Circuit maintains that the plaintiff's actual cause of action is for a constitutional violation and the common law tort of malicious prosecution is relevant only as a helpful analogy in structuring the legal analysis**.

[3]   Jacques L Schillaci, Comment, Unexamined Premises: Toward Doctrinal Purity in § 1983 Malicious Prosecution Doctrine, 97 NW UL REV 439, 460-461 (2002).

of accrual of 42 USC 1983 claims. *Beck v Muskogee Police Dept*, 195 F3d 553, **557** (CA 10 1999). Similarly **FRCP 1** mandates the courts shall construe procedural rules primarily <u>to secure a just determination of the action</u>, that is to <u>facilitate a trial and disposition of causes upon the substantive merits,</u> rather than procedurally where form overcomes substance. *Williams v Keyes*, 125 F2d 208, cert den 316 US 669; 86 LEd 1768; 62 SCt 1297.

Despite the Utah Constitution, **Art I, § 11, [Courts open -- Redress of injuries.]** mandates "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law . . . **and no person shall be barred from prosecuting** or defending **before any tribunal in this State, by himself or counsel, any civil cause to which he is a party"** and **UC 78B-2-310** permits the State to bring an action against any public officer for malfeasance or misfeasance within six years after the officer ceases to hold his office, the Utah Legislature enacted **UC 78B-2-307(3) as a general rule** that an action may be brought within four years regarding injuries to a person on "an action for relief not otherwise provided by law," *Mismash v Murray City*, 730 F2d 1366, **1367 (CA 10 1984)**

The limitations on action period applicable to § 1983 claims in Utah is established at four years from the termination of the last instance of a tortfeasor inflicting damage on his victim pursuant to the general statute of limitations for tort, **UC 78B-2-307(3).**

"The standard rule is that [accrual occurs] when the plaintiff has a complete and present cause of action, " *Wallace v Kato*, 549 US 384, **388** (2007) (quotations omitted), and although Subsection 3 was imposed as the general standard for 42 USC 1983 claims in Utah, a claim of false imprisonment however accrues when the alleged false imprisonment ends. *Wallace*, *supra*, p 389. Similarly, a claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. *Heck v Humphrey*, 512 US 477, **489** (1994); *Robinson v*

***Maruffi*****,** 895 F2d 649, **654–55** (CA10 1990). [4] Likewise**, a** malicious-prosecution claim is not cognizable and does not accrue for purposes of the application of the statute of limitations until all the elements are satisfied, and one of the elements is that the original action terminated in favor of the plaintiff. ***Wilkins***, 528 F3d p 799; ***Mondragon***, 519 F3d p 1083. [5]

Since plaintiff also states such a civil rights claim, the Tenth Circuit recognizes that "[a] malicious prosecution claim is not cognizable until all the elements are satisfied, and one of the elements is that the original action terminate in favor of the plaintiff. As such, [the Tenth Circuit] has held that a malicious prosecution claim does not accrue until proceedings terminate in the plaintiff's favor." ***Myers v Koopman*****,** 738 F3d 1190, **1195 (CA**10 2013).

Harker's prosecution terminated successfully in his favor on or about **May 23, 2011** when the charges against him were dismissed, his imprisonment and restraints on his liberty ended and a formal Order of Release was entered by the state district judge. The complaint was filed about **February 28, 2014**. [6] This is within the general tort four year Utah statute of limitations.

---

[4] In ***Heck v Humphrey,*** 512 US 477 (1994) and ***Albright v Oliver,*** 510 US 266 (1994) the Supreme Court validated that the efficacy of malicious prosecution claims requires a showing of constitutional deprivation. Jacques L Schillaci, Comment, supra, pp 459-62 (2002).

[5] In ***Robinson v Muraffi*****,** 895 F2d 649, **651** (CA10 1990) it was held that when police officers knowingly use false testimony as the foundation for a prosecution the Fourth Amendment is violated by such an egregious and malicious prosecution, reasoning that "if police officers have been instrumental in the plaintiff's **continued confinement or prosecution** (emphasis added), they cannot escape liability by pointing to the decisions of prosecutors . . . or magistrates to confine or prosecute him." ***Robinson, supra****,* p 656 (***Jones v City of Chicago***, 856 F2d 985, **994** (CA 1988). §1983 liability encompasses wrongdoing by state officials even when not officially sanctioned by state law. ***Schillaci, supra*** nte 2, 450-451 (citing ***Monroe***, 365 US at 187).

[6] The claimant in a malicious prosecution action brings suit only after the termination of the allegedly malicious proceedings. Jay M. Zitter, Anno, Excessiveness or Inadequacy of Compensatory Damages for Malicious Prosecution, 50 ALR4ed 843, § 2(a) (2004).

## DISCUSSION

The plaintiff's unlawful seizure and arrest, unlawful search and false imprisonment of 20 February 2010 are all the initial components of a continuum that Defendant Steed obviously intended to enact to intended in bad faith and maliciously to cause the indigent plaintiff to remain falsely imprisoned on charges that she fabricated without probable cause at least until plaintiff's court appointed legal defender prevailed on a motion to suppress and dismiss and plaintiff was released from the county jail for the second time on May 23, 2011, Steed having intended that he be deliberately and falsely imprisoned again this second time on or about February 24, 2011, as is averred in plaintiff's rebutting affidavit that also incorporates the allegations of the plaintiff's 42 USC 1983 complaint that inadvertently contained a typographical error about the date Steed initially began violating Harker's Fourth Amendment rights and maliciously persisted thereafter. **Romero v Fay**, 45 F3d 1472, **1480** (CA10 1995).

Harker's statements paint a compelling picture of egregious police work that shocks the conscience. Steed made a pretextual stop hoping to "get lucky," manufactured false felony evidence and intended that a falsified affidavit premised upon her perjury be submitted by another officer to subsequently obtain an unlawful warrant for Harker's arrest on a felony and three misdemeanors to maliciously deny him his Fourth Amendment liberty rights.

Per Harker's affidavit many of his Fourth Amendment liberties were immediately and entirely abrogated by Trooper Steed during the pretext stop, unlawful search, false arrest and false imprisonment without any arraignment. Plaintiff Harker was booked into the County Jail, falsely imprisoned for seven days and then released without ever being brought before a magistrate and formerly advised of the charges that Steed preferred against him, one of which was a felony that

Steed fabricated so that indigent Harker later would be unable to pay the bail, would have no pre-trial release and would remain falsely imprisoned until he was tried. Harker's Complaint, by including the facts, and by inference, sufficiently raised a claim about his malicious prosecution by Steed.

Just as in the tort of continuing trespass whereupon a tortfeasor violates the civil rights of another by being responsible for refuse falling onto and remaining on the property of another, the limitation on actions does not begin to run on a claim of malicious prosecution until the restraints on liberty are eliminated. Likewise, the limitation on actions regarding Steed's continuing deliberate pattern and bad faith practice of depriving citizens of their constitutional civil rights to liberty and the concomitant infliction of mental distress does not cease, and the limitation. period does not begin to run, while Harker was suffering the intended results of Steed's continuing constitutionally tortious misconduct that was eventually terminated by the courts.

Doubtless, impingement on Fourth Amendment `liberties' denotes not merely freedom from bodily restraint, but also the right of the individual to engage in any of the common activities of life, or pursuit of happiness, without limitation as to being where one wishes to be at a particular time, or avoiding various encounters as one decides. ***Meyer v Nebraska***, 262 US 390, **399;** 43 SCt 625, **626;** 67 LEd 1042 (1923). Bad faith incarceration maliciously denies all liberties.

## CONCLUSION AND RELIEF SOUGHT

Wherefore, to the extent that plaintiff was deprived of all his fundamental civil rights because of the events and actions regarding the two false arrests and consequent imprisonment engendering the elements of malicious prosecution, precedentally such claims are not time barred by the lapse of the applicable four-year Utah statute of limitations, Harker's malicious prosecution claim is

still viable. Steed engineered the issuance of the false arrest warrant by misrepresentations she fabricated to create the illusion of probable cause to which she falsely swore. Harker again was seized after the institution of legal process and as a result that time he spent at least 89 days in jail restrained without liberty.

Inferentially from the facts pled in the instant case and averred in the rebuttal affidavit a cause of action for malicious prosecution is extant because of Steed's perjured statements that conjured up facts to create the illusion of probable cause and Harker was unlawfully seized again a second time after the institution of the legal process of the arrest warrant to continue the unlawful and malicious prosecution. Trooper Steed after manufacturing false evidence with glass drug pipe residue and baggies hailed the seizure as portraying Harker as a meth distributor to perjuriously substantiate an arrest warrant and falsely have him totally restrained and prosecuted under authority of the spurious warrant. The defendant's motion to dismiss should be denied.

27 August 2014                                   _____/S/_____
                                                 FRANKLIN RICHARD BRUSSOW,
                                                 Attorney for Plaintiff


### CERTIFICATION OF SERVICE

I hereby certify that on 27 August 2014 the undersigned served a copy of the above on attorney for defendants by electronic filing through the district court.

27 August 2014                                   _____/S/_____
                                                 FRANKLIN RICHARD BRUSSOW,
                                                 Attorney for Plaintiff