FRANKLIN RICHARD BRUSSOW, # 5429
Attorney for Plaintiff
P. O, Box 71705
Salt Lake City, Utah 8417 1
801 944-1065

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE DISTRICT OF UTAH,
CENTRAL DIVISION

———————————————

JEFF B. **HARKER,**

      Plaintiff,                                       **REBUTTAL AFFIDAVIT OF JEFF HARKER**

v                                                       CERTIFICATE OF SERVICE

**LISA STEED,** UHP Officer**;**
**KEITH SQUIRES,** Commissioner,                   Case # 1:14-cv-21
**UTAH DEPT OF PUBLIC**                           District Judge
**SAFETY**                                                        Magistrate Judge Warner

      Defendant.

_____/

**REBUTTAL AFFIDAVIT OF PLAINTIFF JEFF HARKER**

STATE OF UTAH          )
                                             }ss.
COUNTY OF SALT LAKE )

*Affiant says:*

1.     I am the plaintiff in the above-encaptioned case.

1

2.      I incorporate by reference as if fully set forth herein the paragraphs of my complaint except the content of paragraph 6, regarding the date of the initial unlawful and malicious seizure of my automobile and myself by Defendant Steed and my unlawful incarceration/false imprisonment in the Salt Lake County Jail, that inadvertently and inaccurately alleges that date as being 31 March 2004.

3.       From business documents that I obtained from the County of Salt Lake County, subsequent to the filing of plaintiff's complainant, and others, I more accurately was first pretextually stopped, and defendant's malicious prosecution of me began with defendant's false arrest and false imprisonment of me, beginning on 20 February 2010.

4.      Steed followed me down I-15 from Bountiful until I exited that highway at the 2100 South exit as a last chance to stop and accost me upon a false and pretextual lane change offense.

5.      To deny me exculpating evidence after I asked her whether the stop was being recorded or videoed, she turned off the audio recording and positioned me to perform field sobriety tests outside of the view of dashboard camera.

6.      During the unlawful traffic stop Steed detained me outside of my car at the roadside without probable cause to intimidate me to authorize a search of my car and myself by directing the threat at me of using her dog, but I did not agree to the search.

7.      When I was handcuffed, after my Eagle Talon was unlawfully searched, and being transported to jail in the cage in the back of Defendant Steed's patrol car, I asked Steed for what I was being charged.

8.      Steed told me I was being charged with failure to signal/improper lane change, DUI, and two drug paraphernalia charges.

9.      To the best of my recollection I responded that that I probably would be released that morning by a judge after arraignment, since the charges stated to me were misdemeanors.

10. After this Steed took the three empty baggies that she found during the warrantless and unlawful search of my Talon and scraped into each of the baggies some residue from the glass pipes that she also found in my car incident to the unlawful search.

11. Steed used those baggies into which she scraped residue to falsely fabricate a felony offense alleging distribution and to assure my false imprisonment by putting bail beyond my possibility of getting pre-trial release.

12. I was booked into the County Jail on February 21, 2010, was never arraigned and was falsely imprisoned for seven days.

13. All my liberties that I previously enjoyed were denied me while I was incarcerated and because I was not arraigned promptly I wasn't released until February 27, 2010.

14. Because of Steed's dishonesty and maliciousness, on or about **July 20, 2010** an Information, including the fabricated felony and three misdemeanors, was filed against me after being signed and authorized by Salt Lake County Deputy Prosecutor Lohra Miller **on July 14, 2014** upon reliance on Steed's false testimony and fraudulent creation of evidence to frame me.

15. UHP Breck, relying on Steed's false statements and previous unlawful seizure and arrest of me, and in complicity with Steed's intent to continue to attempt to maliciously deprive me of my liberty guaranteed by the Fourth Amendment of the US Constitution, subsequently **obtained a warrant for my arrest on or about July 20, 2010**.

16. I was unlawfully seized and falsely arrested on the warrant on **February 24, 2011.**

17. I was indigent, could not make the dishonestly elevated bail and remained incarcerated and falsely imprisoned for 89 days until May 23, 2011 due Steed's malicious intent to have me prosecuted for false charges and a falsely fabricated felony resulting from an unlawful traffic stop and unconstitutional seizure.

18. On or about October 5, 2010, while I was still being subjected to false imprisonment and malicious prosecution, my court appointed legal defender, Kerri Priano,

19.     cross-examined Defendant Lisa Steed about her conduct toward me on February 20 and 21, 2010 before Third District Court Judge William Barrett .

20.     On or about January 3, 2011 Legal Defender Priano on my behalf filed a Motion and Memorandum to Suppress evidence and dismiss the prosecution against me due to Defendant Steed's dishonesty and violation of my constitutional rights.  **EXHIBIT A.**

21.      I incorporate by reference as if fully set forth in this affidavit the statement of facts contained on pages one and two of the Memorandum in Support of Defendant's Motion to Suppress. **EXHIBIT A.**

22.     The Memorandum specifically brought to the attention of the Salt Lake County Prosecutor the constitutional violations of my Fourth Amendment rights to liberty and other fundamental, constitutional rights that would likely result in the exclusion of all evidence and the dismissal of all the charges against me.

23.     The Memorandum reserved the right to include further testimony that Defendant Steed gave under oath that disclosed her method of operation in similarly violating the rights of other citizens to the extent where judges in Salt Lake County disbelieved her testimony, refused to tolerate her constitutional violations, and were dismissing prosecutions that were dependent upon her as an arresting officer and witness.

24.      Initially the prosecution, about four months after my Motion to Suppress was filed, on April 27, 2011 filed its Opposition to Defendant's Motions to Suppress and Dismiss.

25.     To avoid the hearing of my Motion, and having become aware of Steed's dishonesty, unconstitutional conduct, incredibility, and the materiality of the facts in my motion agreed to dismiss the prosecution as the prosecution through the other court cases and the media also became aware of Steed's constitutional violations, and withholding of exculpatory evidence in numerous other cases that were dependent upon Steed as a witness. EXHIBIT A, p 15, prg 3.

26.     Stead was not properly trained to respect the constitutional rights of the citizens, like me, that she was employed to protect and serve, although it could have been inferred that she was violating the constitution since her arrest rate far exceeded other experienced officers with similar duty assignments and rank, and for which activities she was decorated.

27.     I was not freed from the County Jail and my Fourth Amendment rights to liberty were not restored until on or about May 23, 2011.

**28.**     Regarding the charges Steed maliciously brought and continuously caused to be prosecuted against me, District Judge Judith Atherton entered an Order to Release on or about June 17, 2011.  **EXHIBIT B.**

29.     Defendant Steed deliberately and maliciously did mislead, plan and cause me to continuously be deprived of my Fourth Amendment rights to liberty, to be free from bodily restraint on two related occasions, to associate with my friends and family and my aged mother who I care for and with whom I reside,  as well as of  my right to search for and contract to obtain employment, to engage in any of the common occupations of life, and to travel anywhere.

30.     I suffered reputational harm and financial strain in maintaining ownership of my belongings, the most substantial of which was my Talon automobile, of which Defendant Steed temporarily and then permanently deprived me while she maliciously had me prosecuted without probable cause.

I, being duly sworn, depose and say that I have read the statements above and if called as a witness have personal knowledge of those facts set forth and can testify that they are true, except as to those stated to be upon knowledge and belief, and as to those facts he believes them to be true.

_____
**JEFF B. HARKER**, Plaintiff

Subscribed and sworn to before me,
a Notary Public, on August 25, 2014

_____
Notary Public
_____COUNTY, UTAH
My Commission Expires: